FILED

2011 OCT -4  PM 12: 47

UNITED STATES DISTRICT COURT US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA MIDDLE DISTRICT OF FL
ORLANDO DIVISION ORLANDO FLORIDA

DAVID BRAND

    Plaintiff

-v-

DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

    Defendant

_____ /

Case 6:11-cv-1609-ORL-31GJK

## COMPLAINT

Plaintiff, David Brand, individually, hereby sues Defendant, DIVERSIFIED

ADJUSTMENT SERVICE, INCORPORATED for violations of the Telephone Consumer

Protection Act (TCPA) 47 USC §227, the Fair Debt Collection Practices Act (FDCPA) 15

U.S.C. §1692 and the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559

## PRELIMINARY STATEMENT

1.    This is an action for damages and injunctive relief brought by Plaintiff

    against Defendant for violations of the Telephone Consumer Protection

    Act (TCPA) 47 USC §227(b)(1)(A)(iii), Telephone Consumer Protection

    Act (TCPA) 47 USC §227(b)(1)(B), the Fair Debt Collection Practices Act

    (FDCPA) 15 USC §1692b(1), Fair Debt Collection Practices Act (FDCPA)

    15 U.S.C. §1692b(3), Fair Debt Collection Practices Act (FDCPA) 15

    U.S.C. §1692c(a)(1), Fair Debt Collection Practices Act (FDCPA) 15

    U.S.C. §1692d(5) and Fair Debt Collection Practices Act (FDCPA) 15

    U.S.C. §1692d(6), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.

§1692e(10), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692e(11), the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559.72(7) and Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559.72(9).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread and common actions of the Defendant. Plaintiff intends to propound discovery to Defendant in order to identify these other individuals who have suffered similar violations.

3. Plaintiff contends that the Collection Company Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $20,000.00.

## PARTIES

7.    Plaintiff, David Brand, is a natural person and is a resident of Orange
County, Florida.

8.    Upon information and belief Defendant, DIVERSIFIED ADJUSTMENT
SERVICE, INCORPORATED ("Das"), is a foreign corporation,
authorized to do business in Florida.

9.    Defendant Das is a debt collector, subject to the Fair Debt Collection
Practices Act, 15 U.S.C. §1692 & seq. ("FDCPA").

10.   Defendant Das is an entity which collects debts, bringing it within the
ambit of the Florida Consumer Collection Practices Act ("FCCPA").

## FACTUAL ALLEGATIONS

11.   Plaintiff has no prior or present established relationship with the Defendant
Das.

12.   Plaintiff has never given any Defendant express permission to call
Plaintiff's cellular phone.

13.   Plaintiff has no contractual obligation to pay Defendant Das.

14.   On September 01, 2010 at 11:28 a.m. Defendant Das left a recorded
message using automatic telephone dialing system or artificial or
prerecorded voices on Plaintiffs cellular phone.

15.   On September 01, 2010 at 11:28 a.m. Defendant Das called Plaintiff's
cellular phone with no prior permission given by Plaintiff.

16.   On September 01, 2010 at 11:28 a.m. Defendant Das asserted a right which
it lacks, to wit, the right to enforce a debt.

17.     On September 01, 2010 at 11:28 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

18.     On September 07, 2010 at 9:59 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

19.     On September 07, 2010 at 9:59 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

20.     On September 07, 2010 at 9:59 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

21.     On September 07, 2010 at 9:59 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

22.     On September 08, 2010 at 7:03 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

23.     On September 08, 2010 at 7:03 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

24.     On September 08, 2010 at 7:03 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

25.     On September 08, 2010 at 7:03 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

26.     On September 09, 2010 at 5:31 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

27. On September 09, 2010 at 5:31 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

28. On September 09, 2010 at 5:31 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

29. On September 09, 2010 at 5:31 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

30. On September 14, 2010 at 10:23 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

31. On September 14, 2010 at 10:23 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

32. On September 14, 2010 at 10:23 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

33. On September 14, 2010 at 10:23 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

34. On September 15, 2010 at 8:51 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

35. On September 15, 2010 at 8:51 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

36. On September 15, 2010 at 8:51 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

37. On September 15, 2010 at 8:51 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

38. On September 16, 2010 at 10:59 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

39. On September 16, 2010 at 10:59 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

40. On September 16, 2010 at 10:59 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

41. On September 16, 2010 at 10:59 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

42. On September 20, 2010 at 11:41 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

43. On September 20, 2010 at 11:41 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

44. On September 20, 2010 at 11:41 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

45. On September 20, 2010 at 11:41 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

46. On September 20, 2010 at 11:44 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

47.   On September 20, 2010 at 11:44 a.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

48.   On September 20, 2010 at 11:44 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

49.   On September 20, 2010 at 11:44 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

50.   On September 21, 2010 at 7:45 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

51.   On September 21, 2010 at 7:45 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

52.   On September 21, 2010 at 7:45 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

53.   On September 21, 2010 at 7:45 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

54.   On September 22, 2010 at 10:20 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

55.   On September 22, 2010 at 10:20 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

56.   On September 22, 2010 at 10:20 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

57.     On September 22, 2010 at 10:20 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

58.     On September 22, 2010 at 10:23 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

59.     On September 22, 2010 at 10:23 a.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

60.     On September 22, 2010 at 10:23 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

61.     On September 22, 2010 at 10:23 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

62.     On September 23, 2010 at 1:30 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

63.     On September 23, 2010 at 1:30 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

64.     On September 23, 2010 at 1:30 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

65.     On September 23, 2010 at 1:30 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

66.     On September 29, 2010 at 12:54 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

67.     On September 29, 2010 at 12:54 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

68.     On September 29, 2010 at 12:54 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

69.     On September 29, 2010 at 12:54 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

70.     On September 29, 2010 at 12:56 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

71.     On September 29, 2010 at 12:56 p.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

72.     On September 29, 2010 at 12:56 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

73.     On September 29, 2010 at 12:56 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

74.     On September 30, 2010 at 10:44 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

75.     On September 30, 2010 at 10:44 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

76.     On September 30, 2010 at 10:44 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

77.     On September 30, 2010 at 10:44 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

78.     On September 30, 2010 at 10:47 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

79.     On September 30, 2010 at 10:47 a.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

80.     On September 30, 2010 at 10:47 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

81.     On September 30, 2010 at 10:47 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

82.     On October 04, 2010 at 10:46 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

83.     On October 04, 2010 at 10:46 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

84.     On On October 04, 2010 at 10:46 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

85.     On October 04, 2010 at 10:46 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

86.     On October 05, 2010 at 7:23 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

87.     On October 05, 2010 at 7:23 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

88.     On October 05, 2010 at 7:23 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

89.     On October 05, 2010 at 7:23 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

90.     On October 06, 2010 at 1:27 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

91.     On October 06, 2010 at 1:27 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

92.     On October 06, 2010 at 1:27 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

93.     On October 06, 2010 at 1:27 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

94.     On October 07, 2010 at 4:42 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

95.     On October 07, 2010 at 4:42 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

96.     On October 07, 2010 at 4:42 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

97.   On October 07, 2010 at 4:42 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

98.   On October 11, 2010 at 4:25 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

99.   On October 11, 2010 at 4:25 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

100.   On October 11, 2010 at 4:25 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

101.   On October 11, 2010 at 4:25 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

102.   On October 11, 2010 at 4:25 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

103.   On October 11, 2010 at 4:25 p.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

104.   On October 11, 2010 at 4:25 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

105.   On October 11, 2010 at 4:25 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

106.   On October 13, 2010 at 11:13 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

107. On October 13, 2010 at 11:13 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

108. On October 13, 2010 at 11:13 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

109. On October 13, 2010 at 11:13 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

110. On October 13, 2010 at 11:16 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

111. On October 13, 2010 at 11:16 a.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

112. On October 13, 2010 at 11:16 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

113. On October 13, 2010 at 11:16 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

114. On October 14, 2010 at 10:37 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

115. On October 14, 2010 at 10:37 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

116. On October 14, 2010 at 10:37 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

117.    On October 14, 2010 at 10:37 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

118.    On October 14, 2010 at 10:49 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

119.    On October 14, 2010 at 10:49 a.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

120.    On October 14, 2010 at 10:49 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

121.    On October 14, 2010 at 10:49 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

122.    On October 17, 2010 at 12:17 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

123.    On October 17, 2010 at 12:17 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

124.    On October 17, 2010 at 12:17 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

125.    On October 17, 2010 at 12:17 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

126.    On October 19, 2010 at 1:06 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

127. On October 19, 2010 at 1:06 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

128. On October 19, 2010 at 1:06 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

129. On October 19, 2010 at 1:06 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

130. On October 20, 2010 at 8:48 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

131. On October 20, 2010 at 8:48 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

132. On October 20, 2010 at 8:48 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

133. On October 20, 2010 at 8:48 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

134. On October 21, 2010 at 11:36 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

135. On October 21, 2010 at 11:36 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

136. On October 21, 2010 at 11:36 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

137.     On October 21, 2010 at 11:36 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

138.     On October 25, 2010 at 7:48 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

139.     On October 25, 2010 at 7:48 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

140.     On October 25, 2010 at 7:48 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

141.     On October 25, 2010 at 7:48 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

142.     On October 26, 2010 at 2:07 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

143.     On October 26, 2010 at 2:07 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

144.     On October 26, 2010 at 2:07 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

145.     On October 26, 2010 at 2:07 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

146.     On October 27, 2010 at 6:59 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

147.   On October 27, 2010 at 6:59 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

148.   On October 27, 2010 at 6:59 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

149.   On October 27, 2010 at 6:59 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

150.   On October 28, 2010 at 2:58 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

151.   On October 28, 2010 at 2:58 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

152.   On October 28, 2010 at 2:58 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

153.   On October 28, 2010 at 2:58 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

154.   On November 01, 2010 at 1:58 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

155.   On November 01, 2010 at 1:58 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

156.   On November 01, 2010 at 1:58 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

157.    On November 01, 2010 at 1:58 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

158.    On November 01, 2010 at 2:00 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

159.    On November 01, 2010 at 2:00 p.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

160.    On November 01, 2010 at 2:00 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

161.    On November 01, 2010 at 2:00 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

162.    On November 02, 2010 at 11:05 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

163.    On November 02, 2010 at 11:05 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

164.    On November 02, 2010 at 11:05 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

165.    On November 02, 2010 at 11:05 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

166.    On November 02, 2010 at 11:07 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs home phone.

167.    On November 02, 2010 at 11:07 a.m. Defendant Das called Plaintiff's home phone with no prior permission given by Plaintiff.

168.    On November 02, 2010 at 11:07 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

169.    On November 02, 2010 at 11:07 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

170.    On November 05, 2010 at 9:24 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

171.    On November 05, 2010 at 9:24 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

172.    On November 05, 2010 at 9:24 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

173.    On November 05, 2010 at 9:24 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

174.    On November 06, 2010 at 9:24 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

175.    On November 06, 2010 at 9:24 a.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

176.    On November 06, 2010 at 9:24 a.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

177. On November 06, 2010 at 9:24 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

178. On November 08, 2010 at 6:46 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

179. On November 08, 2010 at 6:46 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

180. On November 08, 2010 at 6:46 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

181. On November 08, 2010 at 6:46 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

182. On November 22, 2010 at 7:18 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

183. On November 22, 2010 at 7:18 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

184. On November 22, 2010 at 7:18 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

185. On November 22, 2010 at 7:18 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

186. On November 23, 2010 at 4:11 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

187.    On November 23, 2010 at 4:11 p.m. Defendant Das called Plaintiff's
        cellular phone with no prior permission given by Plaintiff.

188.    On November 23, 2010 at 4:11 p.m. Defendant Das asserted a right which
        it lacks, to wit, the right to enforce a debt.

189.    On November 23, 2010 at 4:11 p.m. Defendant Das failed to identify that
        they were debt collectors trying to collect a debt.

190.    On November 23, 2010 at 4:13 p.m. Defendant Das left a recorded
        message using automatic telephone dialing system or artificial or
        prerecorded voices on Plaintiffs home phone.

191.    On November 23, 2010 at 4:13 p.m. Defendant Das called Plaintiff's home
        phone with no prior permission given by Plaintiff.

192.    On November 23, 2010 at 4:13 p.m. Defendant Das asserted a right which
        it lacks, to wit, the right to enforce a debt.

193.    On November 23, 2010 at 4:13 p.m. Defendant Das failed to identify that
        they were debt collectors trying to collect a debt.

194.    On November 24, 2010 at 3:06 p.m. Defendant Das left a recorded
        message using automatic telephone dialing system or artificial or
        prerecorded voices on Plaintiffs cellular phone.

195.    On November 24, 2010 at 3:06 p.m. Defendant Das called Plaintiff's
        cellular phone with no prior permission given by Plaintiff.

196.    On November 24, 2010 at 3:06 p.m. Defendant Das asserted a right which
        it lacks, to wit, the right to enforce a debt.

197.    On November 24, 2010 at 3:06 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

198.    On November 29, 2010 at 12:27 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

199.    On November 29, 2010 at 12:27 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

200.    On November 29, 2010 at 12:27 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

201.    On November 29, 2010 at 12:27 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

202.    On November 29, 2010 at 7:27 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

203.    On November 29, 2010 at 7:27 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

204.    On November 29, 2010 at 7:27 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

205.    On November 29, 2010 at 7:27 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

206.    On December 10, 2010 at 10:56 a.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

207.    On December 10, 2010 at 10:56 a.m. Defendant Das called Plaintiff's

cellular phone with no prior permission given by Plaintiff.

208.    On December 10, 2010 at 10:56 a.m. Defendant Das asserted a right which

it lacks, to wit, the right to enforce a debt.

209.    On December 10, 2010 at 10:56 a.m. Defendant Das failed to identify that

they were debt collectors trying to collect a debt.

210.    On December 11, 2010 at 10:44 a.m. Defendant Das left a recorded

message using automatic telephone dialing system or artificial or

prerecorded voices on Plaintiffs cellular phone.

211.    On December 11, 2010 at 10:44 a.m. Defendant Das called Plaintiff's

cellular phone with no prior permission given by Plaintiff.

212.    On December 11, 2010 at 10:44 a.m. Defendant Das asserted a right which

it lacks, to wit, the right to enforce a debt.

213.    On December 11, 2010 at 10:44 a.m. Defendant Das failed to identify that

they were debt collectors trying to collect a debt.

214.    On December 17, 2010 at 10:41 a.m. Defendant Das left a recorded

message using automatic telephone dialing system or artificial or

prerecorded voices on Plaintiffs cellular phone.

215.    On December 17, 2010 at 10:41 a.m. Defendant Das called Plaintiff's

cellular phone with no prior permission given by Plaintiff.

216.    On December 17, 2010 at 10:41 a.m. Defendant Das asserted a right which

it lacks, to wit, the right to enforce a debt.

217.   On December 17, 2010 at 10:41 a.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

218.   On December 18, 2010 at 6:45 p.m. Defendant Das left a recorded message using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cellular phone.

219.   On December 18, 2010 at 6:45 p.m. Defendant Das called Plaintiff's cellular phone with no prior permission given by Plaintiff.

220.   On December 18, 2010 at 6:45 p.m. Defendant Das asserted a right which it lacks, to wit, the right to enforce a debt.

221.   On December 18, 2010 at 6:45 p.m. Defendant Das failed to identify that they were debt collectors trying to collect a debt.

## COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

222.   Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

223.   Defendant Das has called the Plaintiffs cellular phone using an automatic dialing system and a prerecorded voice no less than 42 times contrary to 47 U.S.C. §227(b)(1)(A)(iii).

224.   47 U.S.C. §227(b)(1)(A)(iii) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

225.    Defendant Das has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) no less than 52 times by calling the Plaintiff's number no less than 52 times using an automatic dialing system and a prerecorded voice, which is assigned to a cellular telephone service. The Plaintiff has never given Das permission to call Plaintiffs cellular phone. The 52 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

226.    Plaintiff spoke with Das twice and Das assured Plaintiff that the calls would stop. Das refuses to cease communication and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

227.    Plaintiff and Das do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

## COUNT II
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C.

## §227(b)(1)(B)BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

228.  Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

229.  Defendant Das has called the Plaintiffs residential phone line using an artificial prerecorded voice to deliver a message without the prior express consent of the called party no less than 10 times contrary to 47 U.S.C. §227(b)(1)(B)

230.  47 U.S.C. §227(b)(1)(B) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

231.  Defendant Das has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(B) no less than 10 times by calling the Plaintiff's residential phone line no less than 10 times using an artificial prerecorded voice to deliver a message without the prior express consent of the called party. The Plaintiff has never given Das permission to call Plaintiffs residential phone line. The 10 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

232.    Plaintiff spoke with Das twice after sending and Das assured Plaintiff that the calls would stop. Das refuses to cease communication and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

233.    Plaintiff and Das do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

### COUNT III
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692b(1) BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

234.    Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

235.    Defendant Das violated 15 U.S.C. §1692b(1) no less than 10 times by calling Plaintiff's home phone number, which is owned by a third party, no less than 10 times without identifying themselves, without stating that they are confirming or correcting location information concerning the Plaintiff, without identifying their employer, without requesting to call and/or with no prior permission given by Plaintiff.

236.    Such communication is prohibited by 15 U.S.C. §1692b(1).

237.    15 U.S.C. §1692b(1) states in part;

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall-

(1)    Identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and

punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT IV
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692b(3) BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

238.    Plaintiff alleges and incorporates the information in paragraphs 1 through

221.

239.    Defendant Das was in possession of Plaintiff's cellular phone number and

home address when all calls were made to Plaintiff's home phone number.

240.    Defendant Das violated 15 U.S.C. §1692b(3) no less than 10 times by

calling Plaintiff's home phone number, which is owned by a third party, no

less than 10 times without requesting to do so by such person and with no

prior permission given by Plaintiff.

241.    Such communication is prohibited by 15 U.S.C. §1692b(3).

242.    15 U.S.C. §1692b(3) states in part;

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall-

(3)    Not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

WHEREFORE, Plaintiff demands judgment for damages against Das for actual, statutory, and

punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692c(a)(1) BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

243.    Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

244.    Defendant Das placed no less than 42 telephone calls to the Plaintiff's cellular telephone.

245.    Defendant knew or should have known that the phone calls made were inconvenient to the consumer.

246.    Defendant Das violated 15 U.S.C. §1692c(a)(1) at least once by calling Plaintiff's cellular phone after 9pm Eastern Standard Time with no prior permission given by Plaintiff.

247.    Such communication is prohibited by 15 U.S.C. §1692c(a)(1).

248.    15 U.S.C. §1692c(a)(1) states in part;

(a)    COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1)    at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT VI
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(5) BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

249.    Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

250.    Defendant Das violated 15 U.S.C. §1692d(5) no less than 52 times by calling the Plaintiff no less than 52 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff.

251.    This intentional and repeated calling by Das has caused the Plaintiff undue stress, relationship issues, nervousness and embarrassment.

252.    15 U.S.C. §1692d(5) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT VII
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(6) BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

253.   Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

254.   Defendant Das violated 15 U.S.C. §1692d(6) no less than 52 times by calling the Plaintiff without meaningful disclosure of the caller's identity no less than 52 times and with no prior permission given by Plaintiff.

255.   15 U.S.C. §1692d(6) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6)   The placement of telephone calls without meaningful disclosure of the caller's identity.

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT VIII
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(10) BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

256.   Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

257.   Defendants Das violated 15 U.S.C. §1692e(10) no less than 52 times by the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer by calling the Plaintiffs phone no less than 52 times and misleading the Plaintiff to believe that the calls were of a non commercial nature.

258.   15 U.S.C. §1692e(10) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## COUNT IX
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(11) BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

259.     Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

260.     Defendant Das violated 15 U.S.C. §1692e(11) by failing to notify the Plaintiff that the Defendant Das was "attempting to collect a debt and that any information obtained will be used for that purpose" in the initial communication with the Plaintiff, which was oral.

261.     Defendant Das violated 15 U.S.C. §1692e(11) no less than 52 times by calling the Plaintiff's telephone no less than 52 times and failing to disclose in any one of those 52 subsequent communications that the communication is from a debt collector.

262.     15 U.S.C. §1692e(11) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

**COUNT X**
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA),**
**FLA. STAT. §559 BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE,**
**INCORPORATED**

263.    Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

264.    Plaintiff is a consumer within the meaning of §559.55(2).

265.    Das is a debt collector within the meaning of §559.55(6).

266.    Das violated §559.72(7) no less than 52 times by willfully communicating with Plaintiff and his family by telephone no less than 52 times and with such frequency as can reasonably be expected to harass the Plaintiff and his family.

267.    This intentional and repeated calling by Das has caused the Plaintiff and his family undue stress, relationship issues, nervousness and embarrassment.

268.    Fla. Stat. §559.72(7) states in part;

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

**WHEREFORE,** Plaintiff demands judgment for damages against Das for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT XI
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559 BY DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

269.    Plaintiff alleges and incorporates the information in paragraphs 1 through 221.

270.    Plaintiff is a consumer within the meaning of §559.55(2).

271.    Das is a debt collector within the meaning of §559.55(6).

272.    Das violated §559.72(9) no less than 52 times by claiming, attempting, or threatening to enforce a debt when such a person knows that the debt in not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

273.    FLA. STAT. §559.72(9) states in part;

In collecting consumer debts, no person shall:

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

## COUNT XII
## INJUCTIVE RELIEF AGAINST DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED

274. After conducting multiple attempts to collect an alleged but nonexistent debt, the Defendant Das has demonstrated that absent injunction, they have no intention of obeying the law.

275. While statutory damages provide partial remedy for past violations by Defendant Das, they are but an approximation of the harm they have performed and insufficient to bar future violations. Thus, monetary damages alone are an inadequate remedy.

276. Fla. Stat. § 559.77(2) provides that a person aggrieved by violation of the FCCPA may have an injunction to bar future practices.

277. The Florida Rules of Civil Procedure 1.610(c) provides that an injunction binds officers, agents, servants, and employees of the parties, but is only binding upon such outside entities as have actual knowledge of the injunction. Thus, in order for an injunction to be effective, it is necessary to identify those outside entities with which Plaintiff deals, and to have them informed of the presence of an injunction.

278. Plaintiff has no way to determine the identities of the entities with which Defendant Das deals in order to send its mailings, make its phone calls, and otherwise engage in its efforts to collect the debt.

**WHEREFORE,** Plaintiff would ask the Honorable Court for an order;

(a) Barring Defendants from contacting David Brand directly;

(b) Requiring Defendants to furnish a copy of the order to each outside entity with which it deals for debt collection services;

(c) Requiring Defendants to furnish a list of such entities and the dates

with which they were furnished with the order.

Respectfully Submitted,

David Brand

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 4th day of October, 2011.

David Brand
106 Cinnamon Drive
Orlando, FL 32825
407-949-8292
GatorMountain@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically

mailed to all parties on the service list this 4th day of October, 2011.

Diversified Adjustment Service, Inc.
"The Collection Specialists".
800 Coon Rapids Blvd.
Coon Rapids, MN 55433
client services@diversifiedadjustment.com(per: https://www.diversifiedadjustment.com/contact/)

Respectfully,

David Brand
106 Cinnamon Drive
Orlando, FL 32825
407-949-8292
GatorMountain@gmail.com